**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION**

| | |
|---|---|
| JOHN B. LARKIN, )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>MINNESOTA LIFE INSURANCE )<br>COMPANY, a Securian Financial Company )<br>)<br>*Defendant* ) | No. 3:20-cv-00244 |

**NOTICE OF REMOVAL**

Defendant, MINNESOTA LIFE INSURANCE COMPANY ("Minnesota Life"), by its attorney, Jacqueline J. Herring of Smith von Schleicher & Associates, provides notice of removal of this action to the United States District Court for the Northern District of Indiana, South Bend Division, pursuant to 28 U.S.C. §1441 *et seq.*, and respectfully presents to this Court the following grounds for removal:

1. Minnesota Life is the defendant in an action captioned *John B. Larkin v. Minnesota Life Insurance Company*, Case No. 46C01-2002-PL-000276, pending in the LaPorte Circuit/Superior Court, sitting at LaPorte, Indiana. Plaintiff John B. Larkin commenced this action on February 11, 2020 by filing a Complaint in the LaPorte Circuit/Superior Court, sitting at LaPorte, Indiana.

2. Minnesota Life was served with the Complaint on February 24, 2020. Minnesota Life's Notice of Removal is timely pursuant to 28 U.S.C. §1441 and §1446 because it was filed within 30 days of service. A copy of the Summons and Complaint are attached as Exhibits A and B. A copy of the Notice of Filing Notice of Removal to be filed with the LaPorte

Circuit/Superior Court, sitting at LaPorte, Indiana is attached as Exhibit C.  The Summons and Complaint constitute all of the process, pleadings and orders served on Minnesota Life.

3. This civil action is removable based on federal diversity jurisdiction and federal question jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, and 28 U.S.C. §1441.

4. The court has federal diversity jurisdiction under 28 U.S.C. §1332.  Plaintiff is a citizen of Indiana.  (Ex. B, Compl. ¶ 1).  Minnesota Life is organized under the laws of the state of Minnesota and has its principal place of business in St. Paul, Minnesota.  Minnesota Life is therefore a citizen of Minnesota.  Plaintiff seeks payment of life insurance benefits in the amount of $250,000, plus unspecified damages for "bad faith."  (Ex. B, Compl. ¶¶ 5, 28-34).  The amount in controversy thus exceeds the $75,000 jurisdictional minimum for federal diversity jurisdiction.

5. The court has federal question jurisdiction under 28 U.S.C. §1331 because Plaintiff asserts a claim for payment of life insurance benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA").  Life insurance benefits are funded by a group insurance policy ("Group Policy") issued by Minnesota Life to Wells Fargo & Company ("Employer").  A copy of the Group Policy is attached as Exhibit D.

6. This action is removable pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441, because Plaintiff's claim for payment of benefits under the Group Policy is governed by and arises under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).  Section 502(a)(1)(B) of ERISA allows a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

7. Section 502(a)(1)(B) completely preempts the state law claims asserted in the Complaint. Complete preemption under ERISA §502(a) has such "extraordinary pre-emptive power" that it converts certain state law claims into ERISA claims, and confers federal jurisdiction to adjudicate those claims under ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). "'[C]auses of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.'" *Id.* (quoting *Taylor*, 481 U.S. at 66).

8. The Group Policy constitutes an ERISA-regulated employee welfare benefit plan established and maintained by the Employer for the purpose of providing life insurance coverage to eligible employees of the Employer and their dependents as a benefit of employment. This case is properly removable based on federal question jurisdiction pursuant to ERISA and the doctrine of complete preemption:

(i) The Employer established and/or maintained the plan as an employee welfare benefit plan under ERISA pursuant to 29 U.S.C. §1002(1) and §1002(5) for the purpose of providing life insurance coverage to the Employer's eligible employees and their dependents pursuant to the Group Policy issued by Minnesota Life. (Ex. D, Group Policy, pgs. 3, 4, 6 of 50).

(ii) The Policy constitutes an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1).

(iii) Plaintiff asserts a claim for life insurance benefits under the Group Policy and is a participant or beneficiary as defined by 29 U.S.C. §1002(7) and (8) in that he has asserted a colorable claim to employee welfare plan benefits provided under the ERISA-regulated Group Policy that was established, maintained and endorsed by the Employer.

(iv) Pursuant to 29 U.S.C. §1132(e), the district courts of the United States have original jurisdiction over actions brought by participants or beneficiaries to recover benefits or other relief under employee welfare benefit plans.

9. ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), provides Plaintiff with exclusive remedies for recovery of benefits, pursuant to *Taylor*, 481 U.S. 58 and *Pilot Life Ins.*

*Co. v. Dedeaux*, 481 U.S. 41 (1987).  Plaintiff's claim for payment of life insurance benefits cannot be resolved without interpreting the terms of the Group Policy relating to qualification for and payment of plan benefits.  Plaintiff's state law claims, therefore, fall within the scope of 29 U.S.C. §1132(a)(1)(B) and are completely preempted and governed by ERISA.  See *Davila*, 542 U.S. at 210.

10. Because federal question jurisdiction exists under 28 U.S.C. §1331 based on ERISA and the doctrine of complete preemption, Minnesota Life is entitled to removal of this lawsuit from state court to federal court pursuant to 28 U.S.C. §1441.  This case is properly removed from the LaPorte Circuit/Superior Court, sitting at LaPorte, Indiana, to the United States District Court for the Northern District of Indiana, South Bend Division, based on federal question jurisdiction.

11. This Court has original jurisdiction over this action based on federal diversity jurisdiction and federal question jurisdiction, and therefore the action is properly removed to this Court pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, 28 U.S.C. §1441, and 28 U.S.C. §1446.

WHEREFORE, Removing Party and Defendant, MINNESOTA LIFE INSURANCE COMPANY, requests that the above action be removed from the LaPorte Circuit/Superior Court, sitting at LaPorte, Indiana, to the United States District Court for the Northern District of Indiana, South Bend Division.

                                                     Respectfully submitted,

| | |
|---|---|
| Jacqueline J. Herring (IL-6282246)<br>SMITH \| VON SCHLEICHER + ASSOCIATES<br>180 North LaSalle St. Suite 3130<br>Chicago, Illinois 60601<br>P:  312.541.0300  \|  F:  312.541.0933<br>jackie.herring@svs-law.com | By:  /s/ *Jacqueline J. Herring*<br>     Attorney for Removing Party/Defendant,<br>     Minnesota Life Insurance Company |

4

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2020, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system.  I further certify that a paper copy of the electronically filed document was served on the attorneys addressed below via U.S. Mail, postage pre-paid at 180 North LaSalle Street, Chicago, Illinois.

Patrick B. McEuen
McEuen Law Office
6382 Central Avenue
Portage, Indiana 46368
patrick@mceuenlaw.com

                                                */s/ Jacqueline J. Herring*
                                                SMITH | VON SCHLEICHER + ASSOCIATES
                                                180 North LaSalle St. Suite 3130
                                                Chicago, Illinois 60601
                                                P  312.541.0300 | F  312.541.0933
                                                jackie.herring@svs-law.com
                                                Illinois Bar No. 6282246