Filed: 2/11/2020 5:46 PM
Clerk
LaPorte County, Indiana

| STATE OF INDIANA | ) | IN THE LAPORTE CIRCUIT/SUPERIOR COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF PORTER | ) | SITTING AT LAPORTE, INDIANA |

JOHN B. LARKIN,

    Plaintiff,

vs.

MINNESOTA LIFE INSURANCE COMPANY,
a Securian Financial Company.
    Defendants.

CAUSE NO. 46C01-2002-PL-000276

**\*\*\*JURY DEMANDED\*\*\***

## COMPLAINT AND JURY DEMAND AS TO ALL COUNTS

Comes now the Plaintiff, JOHN B. LARKIN, by Counsel, Patrick B. McEuen of McEuen Law Office, and for his cause of action against the Defendant, MINNESOTA LIFE INSURANCE COMPANY, a Securian Financial Company, states as follows:

### PARTIES AND VENUE

1. Plaintiff is a resident of LaPorte County, Indiana, and the beneficiary of a life insurance issued by defendant, insuring the life of Stacey R. Larkin, who died as a resident of LaPorte County, Indiana.

2. Defendant is a Minnesota life insurance company now operating under the umbrella of Securian Financial Group, Inc. and authorized to sell life insurance policies to Indiana residents.

3. Jurisdiction and venue are proper in that defendant issued a policy of life insurance to an Indiana resident who died domiciled in LaPorte County, Indiana.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

4. In or about June 2011, Plaintiff's employer purchased a policy of life insurance in the amount of Two Hundred and Fifty Thousand Dollars ($250,000) insuring the life of his wife,

Stacey R. Larkin ("Stacey" or "insured").

5. Plaintiff cannot attach a copy of the life insurance policy, as it remains in the exclusive custody and control of defendant, although defendant has acknowledged its obligation to pay Two Hundred and Fifty Thousand Dollars ($250,000) upon Stacey's death.

6. Plaintiff paid the premiums on the policy through payroll deductions.

7. Plaintiff is the designated beneficiary of the proceeds of the policy of life insurance referred to in this Complaint.

8. On December 11, 2012, Stacey was killed during a struggle between Plaintiff and Stacey over a handgun.

9. On and after December 11, 2012, through the date of this complaint, there has been no payment of the proceeds of the policy of life insurance on the death of Stacey R. Larkin.

10. On December 13, 2012, Plaintiff was charged with VOLUNTARY MANSLAUGHTER in contravention of Indiana Code 35-42-1-3, in which the State of Indiana alleged Plaintiff caused the death of Stacey R. Larkin "while acting under sudden heat, such killing being committed by means of deadly weapon, to-wit: handgun." Attached hereto and incorporated herein as Exhibit "A" is a true and correct copy of the State's probable cause affidavit.

11. On and after December 13, 2012, there was in effect an Indiana statute regarding Plaintiff's status as the trustee of a constructive trust over all assets of a decedent like Stacey R. Larkin, specifically IC 29-1-2-12.1, which provides in pertinent part as follows:

> Sec. 12.1. (a) A person is a constructive trustee of any property that is acquired by the person or that the person is otherwise entitled to receive as a result of an individual's death, including property from a trust, if that person has been found guilty, or guilty but mentally ill, of murder, causing suicide, or voluntary manslaughter, because of the individual's death. A judgment of

conviction is conclusive in a subsequent civil action to have the person declared a constructive trustee.

Ind. Code § 29-1-2-12.1(a).

12. On September 13, 2019, a jury returned a verdict against Plaintiff, finding him guilty of Involuntary Manslaughter, in contravention of Indiana Code 35-42-1-4, not the charged offense of Voluntary Manslaughter. Attached hereto and incorporated herein as Exhibit "B" is a true and correct copy of the Jury Verdict in the criminal case against plaintiff.

13. On October 21, 2019, the jury's verdict was affirmed by the trial judge, and plaintiff was sentenced for the crime of Involuntary Manslaughter. Attached hereto and incorporated herein as Exhibit "C" is a true and correct copy of the trial court's sentencing order.

14. Since September 13, 2019, Plaintiff has complied with all known and applicable conditions precedent to obtain from defendant the proceeds of the policy of life insurance and has made demand for the policy proceeds.

15. Since September 13, 2019, there has been no legal possibility that Plaintiff can ever be convicted of any crime named in I.C. 29-1-2-12(a), and Plaintiff will never be named the constructive trustee of the proceeds of the policy of life insurance now owed upon the death of Stacey.

16. Despite the final judgment of Involuntary Manslaughter, on December 17, 2019, defendant refused to pay to plaintiff the proceeds of the policy of life insurance now owed upon the death of Stacey, falsely asserting that plaintiff's appeal of his conviction required defendant to withhold the proceeds. Attached hereto and incorporated herein as Exhibit "D" is a true and correct copy of defendant's false assertion of the basis for withholding policy proceeds.

### COUNT I – DECLARATORY RELIEF

17.     Plaintiff incorporates his allegations contained in paragraphs 1 through 13 as if fully set forth herein.

18.     Plaintiff's claims against the defendant relate to matters referred to by defendant as Minnesota Life Insurance Company claim number 1437115, which is a claim for the proceeds of the Minnesota Life Insurance Company life insurance policy on the life of Stacey.

19.     On or about December 17, 2019, defendant failed and refused to comply with its obligation under the policy to pay out the policy proceeds. Attached hereto and incorporated herein as Exhibit "D" is a true and correct copy of the defendant's refusal to pay policy proceeds as directed by the contract.

20.     Plaintiff seeks declaratory relief from that the express language of the life insurance policy and instrument, when properly interpreted and construed, demonstrates that Plaintiff is the lawful beneficiary of the proceeds.

WHEREFORE, Plaintiff seeks a judicial declaration that Plaintiff is owed the proceeds of the life insurance policy issued by Minnesota Life Insurance Company, payable upon the death of Stacey R. Larkin, and the Plaintiff is the true, lawful beneficiary of the policy proceeds.

### COUNT II – BREACH OF CONTRACT

21.     Plaintiff incorporates his allegations contained in paragraphs 1 through 15 as if fully set forth herein.

22.     From and after the 13th day of September, 2019, following the jury's verdict, the Plaintiff became the true and lawful beneficiary of the life insurance policy issued by Minnesota Life Insurance Company, payable upon the death of Stacey R. Larkin.

23.     Defendant has failed and refused to comply with defendant's contractual

obligation to pay policy proceeds to plaintiff.

24. That the Defendant, MINNESOTA LIFE INSURANCE COMPANY, a Securian Financial Company, breached its contractual duties to the Plaintiff, proximately causing actual and consequential damages to Plaintiff.

25. That the defendant was given prompt and timely notice of the Plaintiff's demand for payment of policy proceeds in accordance with the contract, and the Plaintiff has complied with all contractual obligations and conditions precedent under the policy with the Defendant.

26. That the Defendant has wrongfully refused to pay Plaintiff under the contract and defendant has, therefore, breached its contract, and that the refusal and breach were transactions occurring in LaPorte County, Indiana.

27. That the Defendant, by breaching its contract with the Plaintiff, has caused an unreasonable and vexatious delay in settling the claim and has also breached its duty to the Plaintiff.

## COUNT III – BAD FAITH

28. Plaintiff incorporates his allegations contained in paragraphs 1 through 24 as if fully set forth herein.

29. As the true and lawful beneficiary of the policy as set forth herein, plaintiff was entitled to a duty of good faith and fair dealing by Defendant, and defendant has a legal obligation to deal with Plaintiff in good faith. (*See*, Donald v. Liberty Mut. Ins. Co., 18 F.3d 474 (7th Cir.1994).)

30. Despite Plaintiff reporting the death of the insured and his demand for policy proceeds to defendant, since December 17, 2019, defendant has failed and refused to comply with its obligation under the policy to pay out the policy proceeds and has refused to deal with

plaintiff in good faith.

31. Defendant has failed to exercise good faith when it has failed and/or refused to acknowledge, accept and pay Plaintiff's Claim, knowing there is no rational, principled basis for doing so.

32. Defendant further failed to exercise good faith in one or more of the following ways:

   a. Making an unfounded refusal to pay policy proceeds for more than one hundred (100) days;

   b. Causing an unfounded delay in making payment for more than one hundred (100) days;

   c. Deceiving the contractual beneficiary with false defenses to the payment demanded; and/or

   d. Exercising an unfair advantage in order to try to convince the beneficiary not to pursue his claim.

33. Each of the aforementioned failures by defendant to deal in good faith with Plaintiff constitute bad faith as a matter of law.

34. As a direct and proximate result of defendant's Bad Faith, the Plaintiff has suffered damages, including but not limited to:

   a. Reasonable Attorney Fees in pursuing this Claim;

   b. Any and all other consequential damages directly resulting from Defendant's bad faith breach of said Contract with Plaintiff as the true and lawful beneficiary; and,

   c. punitive damages sufficient to punish Defendant conduct in bad faith.

WHEREFORE, for all counts herein, the Plaintiff demands compensatory damages for each count herein for the above-described damages and claims, for the costs of this action, attorney fees, punitive damages, and for any and all other just and proper relief in the premises.

## JURY DEMAND

Comes now the Plaintiff and respectfully demands trial by jury on all issues herein.

Respectfully submitted,

*/s/ Patrick B. McEuen*
Patrick B. McEuen, Ind.Atty.No. 17441-45
Attorney for Plaintiff
6382 Central Avenue
Portage, IN 46368
Tel.: (219) 762-7738
patrick@mceuenlaw.com